# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 13-cr-738 |
| v. | ) Judge Sharon Johnson Coleman |
| LADELL SMITH, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Ladell Smith is charged with possession with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A) and § 922(g). This Court previously denied Smith's first motion to suppress evidence discovered during the search of his Chevrolet Impala. Smith now moves to suppress all physical evidence recovered in this case. For the following reasons, Smith's motion [52] is respectfully denied.

## BACKGROUND

On February 18, 2013, Cook County Municipal Judge Kathleen Ann Panozzo issued a search warrant authorizing law enforcement officers to search 317 E. 25th St., 1st Floor West, Chicago, Illinois for a black semi-automatic pistol, ammunition, magazines and all other contraband. (Dkt. 52-2). The warrant was issued based on the affidavit of Chicago Police Officer Eric White, which read as follows:

> I P.O.E. White . . . am a Chicago Police Officer for almost 10 years and have been involved in dozens of UUW related arrest. On todays date 17Feb2013 . . . I had a conversation with a citizen of Chicago who I will refer to as J.Doe in this affidavit. J. Doe States that he/she is familiar with firearms and has been previously arrested for possession of firearms. J.Doe States that with in 48 hours of todays date and time he/she went to 317 E 25th st 1st Floor West, Chicago,

1

> Illinois and rang the bell. J. Doe was let into the condo on the first floor west by Ladell A Smith . . . whom he/she knows to reside at this location and has visited there in the past. While inside the condo J. Doe states that he/she observed a black semiautomatic pistol with an extended magazine sitting on the counter in the kitchen. J. Doe further states that he/she has observed Ladell A Smith . . . with the same black semiautomatic pistol with an extended magazine in his possession numerous times over the past several months. J. Doe describes 317 E 25th st 1st Floor West, Chicago, Illinois as a red brick three story condo building. J. Doe was driven past 317 E 25th st First Floor West, Chicago, Illinois and identified it as the target location. J. Doe was shown a picture of Ladell A Smith . . . and positively identified him as the target. P.O.E. White . . . reviewed the rap sheet for Ladell A Smith . . . and learned he was a convicted felon . . . .
>
> Based on the aforementioned, the affiant believes that there is sufficient facts for the issuance of a search warrant.
>
> J. Doe criminal history, including possible pending investigations, if any, has been presented and made available to the undersigned judge.

(Dkt. 52-1). The informant, J. Doe, appeared with Officer White before the issuing judge. (Dkt. 52-2).

As this Court described in its previous order denying Smith's first motion to suppress, the Chicago Police Department executed the warrant on February 22, 2013. *United States v. Smith*, No. 13-cr-738, 2014 WL 4901505, at *1 (N.D. Ill. Sept. 29, 2014). Smith was found inside the apartment and read his *Miranda* warnings. *Id.* Officers found cocaine, heroin, marijuana, a digital scale, ammunition, more than $20,000 cash, and a bullet-proof vest inside the apartment. *Id.* A canine drug sniffing unit was dispatched to the scene, and gave a positive alert for the presence of narcotics in Smith's car, which was parked down the street from his apartment. *Id.* Officer's subsequently searched the car and found cocaine, heroin, and a semi-automatic pistol. *Id.*

In his first motion to suppress, Smith moved to suppress the items seized from his car. *Id.* Following a two-day evidentiary hearing, this Court held, in pertinent part, that the warrant did not include Smith's car but that the officers had probable cause to search the vehicle. *Id.* at *2–6. Smith

now moves to suppress all of the evidence seized from his apartment and from the car, arguing that the search warrant that initiated the search of his apartment was not based on probable cause.

**LEGAL STANDARD**

The Fourth Amendment generally requires law enforcement to secure a warrant, particularly describing the place to be searched and the person or things to be seized, before conducting a search. U.S. Const. amend. IV; *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). The essential protection of the warrant requirement lies in its mandate that the usual inferences reasonable people draw from evidence must be drawn "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). A magistrate's determination of probable cause is given great deference on review, and the Fourth Amendment requires no more than a substantial basis for concluding that a search would uncover evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

For cases where the affidavit is based on an informant's report, courts apply the "totality-of-the-circumstances analysis that traditionally has informed probable cause determinations." *Id.* at 238. An informant's reliability, veracity, and basis of knowledge are all "highly relevant," but under the totality-of-the-circumstances approach a deficiency in one of these areas may be compensated for by the strength of the others or by some other indicia of reliability. *Id.* at 233. This analysis is informed by several factors, including (1) the degree to which police have corroborated the informant's information; (2) the extent to which the informant's information is based on personal observations; (3) the amount of detail provided by the informant; (4) the interval of time between the events reported by the informant and the warrant application; and (5) whether the informant personally appeared before the warrant-issuing judge to present the affidavit or testimony. *United*

*States v. Dismuke*, 593 F.3d 582, 586 (7th Cir. 2010), *abrogated on other grounds by United States v. Miller*, 721 F.3d 435 (7th Cir. 2013).

## DISCUSSION

Smith argues that Officer White's affidavit provided an insufficient basis for the search warrant primarily because it provided no information about the informant's credibility. Although White's affidavit offered no information about the informant's past reliability or motive for testifying, this omission is not fatal to the issuing judge's finding of probable cause. *See United States v. Koerth*, 312 F.3d 862, 867–68 (7th Cir. 2002) ("Statements from an informant of unknown reliability may in certain instances serve to establish probable cause if, under the totality of the circumstances, a reasonable person might consider that the statements are worthy of credence.").

This Court finds informative *United States v. Dismuke*, a case very similar to this one. In *Dismuke*, the search warrant affidavit was based on the allegations of an informant of unknown credibility. In the affidavit, the informant alleged that he had recently seen the defendant in possession of a firearm, provided the defendant's address, and described in detail the weapons that he had seen. *Dismuke*, 593 F.3d at 587. The officer in that case corroborated the informant's recognition of the defendant and his address and reviewed the defendant's criminal history. *Id.* The Seventh Circuit held that the search warrant affidavit was sufficient based on the totality of the circumstances. *Id.* at 587.

Here, White's affidavit establishes that the informant's information was both current and based on the informant's personal observation. The information provided was less than seventy-two hours old when the judge issued her search warrant. *Cf. United States v. Garcia*, 528 F.3d 481, 486 (7th Cir. 2008) (recognizing that a "short" time lapse of seventy-two hours between acquiring information from an informant and applying for a warrant supported a probable cause finding). The informant told White that he had seen Smith in possession of a gun in his apartment, he provided

4

both the apartment's address and the location of the gun in the apartment, and he described the gun in fairly thorough detail (i.e. "a black semi-automatic pistol with an extended magazine"). These details provide some indicia of reliability despite the lack of additional supporting details such as how the informant knew Smith or why he was in Smith's apartment. *Dismuke*, 593 F.3d at 587.

Moreover, White was able to corroborate much of the informant's statement. The informant stated that he was familiar with firearms and that he had previously been arrested for possession of firearms, lending credence to his identification of the weapon. The informant was further able to identify Smith from a photograph, and correctly identified Smith's apartment when driven past it. The corroboration of these basic details helps to compensate for the lack of information about the informant's credibility. *See United States v. Hecke*, 329 Fed. App'x 676, 677 (7th Cir. 2009) ("[T]ips from a confidential informant of unproven reliability may support a finding of probable cause as long as the affiant's investigation substantially corroborates the informant's credibility."). And, finally, the informant appeared before the issuing magistrate, further bolstering the veracity of the information contained in the search warrant affidavit. *See United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000) ("When a CI accompanies the officer and is available to give testimony before the judge issuing the warrant, his presence adds to the reliability of the information used to obtain the warrant, because it provides the judge with an opportunity to assess the informant's credibility and allay any concerns he might have had about the veracity of the informant's statements.") (internal quotations and citations omitted). Accordingly, in light of the detail the informant provided and the extent to which the police corroborated the informant's information, this Court concludes that a reasonable person could consider the informant's statements worthy of credence. Considering the circumstances in their totality and giving "great deference" to the judge who issued the warrant, this Court therefore concludes that White's affidavit was sufficient to support the probable cause finding.

This Court is not persuaded otherwise by Smith's reliance on *United States v. Glover,* 755 F.3d 811 (7th Cir. 2014). In *Glover*, the search warrant affidavit, which was similar to the affidavit at issue in *Dismuke*, was found to be insufficient because it omitted highly relevant and damaging information about the informant's credibility (e.g. "his criminal record, especially while serving as an informant; his gang activity; his prior use of aliases to deceive police; and his expectation of payment") that was known to police and thereby "impaired the neutral role of the magistrate deciding whether to issue the warrant." *Glover,* 755 F.3d at 817. Although Smith alleges that Officer White did not provide information about the informant's credibility, Smith does not allege that Officer White knew and intentionally omitted any similarly damaging facts about the informant here. *Glover* is therefore inapposite to the present case.

**Conclusion**

For the foregoing reasons, Smith's second Motion to Suppress [52] is denied.

Date: November 12, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge