**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-CR-738 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| LADELL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Ladell Smith, a convicted felon, was charged by indictment with possession with intent to distribute 500 grams or more of cocaine on February 21, 2013 in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin on February 22, 2013 in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm on February 22, 2013 in violation of 18 U.S.C. § 924(c)(1)(A) and § 922(g). The evidence underlying the February 22, 2013 charges was discovered during the execution of a search warrant by Chicago police officers on February 22, 2013, and has been the subject of two prior motions to suppress. Probable cause for that warrant, which was issued on February 18, 2013, was based on the testimony of a confidential informant. Independently, on February 21, 2013 officers engaged in a joint DEA/CPD investigation which had intercepted communications linking Smith to an attempted drug transaction and had observed him participating in the transaction. The evidence against Smith discovered as a result of that investigation supports Count I, which alleges Smith's possession of 500 grams of cocaine with intent to distribute it on February 21, 2013. Smith, proceeding pro se, moves this Court to suppress the wiretap communications underlying Count I pursuant to 18 U.S.C. § 2518(10)(a). Smith also moves this Court to suppress the results of the February 22nd search that underlie the remaining counts based on his allegation that the timing of

1

that search resulted from information obtained from the wiretaps. For the reasons set forth herein, Smith's motion [87] is denied.

**Background**

The wiretap investigation implicated in this case began as an investigation into the Imperial Insane Vice Lords street gang with the interception of gang-leader Nathaniel Hoskins' phone. During that investigation, the Vice Lords' suppliers were identified and the investigation was subsequently expanded to target their activities. The phase of that investigation which relates to Smith's case focused on the supplier organization led by Michael Whiting.

Smith's phone was not directly intercepted during the investigation into Whiting. Instead, Smith was recorded on an intercepted call with Target Phone 38, which was owned by Charles James. That call establishes that Smith's telephone number was (773) 420-8206. Smith was also recorded speaking in the background during an intercepted call between James and Jameson Hamlin (Target Phone 41). The government also intends to introduce at trial intercepted calls between Jameson Hamlin, Charles James, and Malcolm Harris arranging the February 21 drug transaction. These intercepted calls constitute circumstantial evidence that Smith was involved in that transaction based on pen register records showing that on multiple occasions James called Smith immediately after stating, in intercepted calls, that he was going to contact his supplier. Additionally, the government seeks to introduce testimony that officers identified Smith with James, Hamlin, and Harris that night.

**Discussion**

As an initial matter, this Court notes that Smith lacks standing to challenge wiretap orders that did not result in the interception of communications to which he was a party. *See United States v. Thompson*, 944 F.2d 1331, 1339 (7th Cir. 1991). Accordingly, Smith may only seek to suppress the intercepted conversation involving Target Phone 38 and Target Phone 41.

Smith brings this motion under 18 U.S.C. § 2518(10)(a), which permits a defendant to move to suppress the contents of any wire or oral communication intercepted under that chapter, or any derivative evidence, on the grounds that:

> (i) the communication was unlawfully intercepted;
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
> (iii) the interception was not made in conformity with the order of authorization or approval.

In order for a judge to enter an ex parte order authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting, the judge must determine from the facts submitted by the applicant that:

> (a) there is probable cause for the belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter;
> (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such (oral or wire) interception;
> (c) normal investigative procedures have been tried and have failed or reasonable appear to be unlikely to succeed if tried or to be too dangerous;
> (d) except as provided in subsection (11), there is probable cause for belief that the facilities from which, or the place where, the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.

18 U.S.C. § 2518(3). Here, Smith contends that the challenged interceptions were unconstitutional because the supporting affidavits did not establish probable cause or, alternatively, because the application materials were false or misleading.

In order to ascertain the sufficiency of the order of authorization or approval, this Court reviews the underlying applications and affidavits to determine whether they reveal facts and circumstances within the affiant's personal knowledge, or of which he had reasonably trustworthy

information, sufficient to warrant the reasonable belief that criminal activity was afoot. *Berger v. New York*, 388 U.S. 41, 55, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967).

Here, the affidavits attached to each application clearly demonstrate the existence of probable cause to believe that James and Hamlin, respectively, were engaged in conduct enumerated in section 2516. Each affidavit establishes, primarily through previously intercepted conversations, that James and Hamlin were involved in the sale of illegal narcotics. Indeed, although Smith challenges the legal sufficiency of the affidavits he does not argue that the intercepted conversations that they relate do not demonstrate the existence of probable cause.

This Court is not persuaded otherwise by Smith's conclusory assertion that the affidavits were legally inadequate because they were not supported with physical evidence or the testimony of a cooperating witness. There is no requirement that an affidavit be supported in such a manner. *Cf. Berger*, 388 U.S. at 55 (recognizing that the affiant need only describe facts and circumstances within his personal knowledge or of which he has reasonably trustworthy information that warrant a reasonable belief that criminal activity is occurring). Nor is this Court persuaded by Smith's characterization of the affidavits as inaccurately paraphrasing or summarizing the intercepted calls. The affidavits directly quoted the intercepted individuals' statements, although they contained additional parenthetical explanations interpreting those statements. Those explanations, which were based on the evidence gathered during the investigation and the experience of law enforcement officers involved in the investigation, were not improper. *See id.* (requiring that an affiant's statements be based on personal knowledge or reasonably trustworthy information).

This Court also is not persuaded by Smith's assertion that the affidavits and applications were misleading because they discussed evidence and suspects from earlier parts of the investigation who were entirely unrelated to James' and Hamlin's alleged criminal conduct. To the contrary, each affidavit distinguished between those individuals previously intercepted during the course of the

investigation and those individuals likely to be intercepted as a result of the requested interception of a particular target phone. In describing prior interceptions, the affidavits expressly noted whether the owner of the target phone was recorded during or linked to that specific interception. Thus, there was no possibility that, as Smith contends, the issuing judge incorrectly conflated James and Hamlin's conduct with that of Hoskins and the Vice Lords.

Moreover, to the extent Smith challenges the disclosure of evidence against Hoskins and others in the "Necessity" section of the affidavit, that section and the information it contains is not misleading. Smith himself concedes that this evidence was "needed to submit a full and complete Affidavit." This is confirmed by federal law's requirement that the affidavit demonstrate that "normal investigative procedures have been tried and have failed or reasonable appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). The affidavits, for instance, noted that two confidential witnesses had been reliable sources of information in the past stages of the investigation but that they were now no longer available and that subsequent attempts to secure informants had been unsuccessful. There is no risk, in this Court's mind, that the reviewing judge mistook this statement or similar statements about prior investigative techniques as an assertion that evidence obtained during prior stages of the investigation established probable cause to believe that James or Hamlin had committed an enumerated crime.

Finally, Smith contends that the evidence recovered from his house and car by the Chicago Police Department must be suppressed because it is the fruit of the poisonous tree. It is undisputed that the CPD acquired its search warrant, which was based on a confidential informant's statements, on February 18, 2013. It is also undisputed that the warrant was not executed until February 22nd. Smith asserts that the search was executed on February 22nd as a result of the intercepted calls, which revealed that Smith would be in possession of contraband on that date. Smith further alleges

a policy or procedure of securing confidential informants specifically to protect evidence that might otherwise be subject to suppression.

As an initial matter, this argument must fail because this Court has found the wiretap affidavits to be sufficient. Even if this Court had found the wiretaps at issue in this case to be invalid, however, that finding would be immaterial. The search that Smith challenges occurred pursuant to what this Court has found to be a constitutionally valid search warrant (*see* Dkt. 63) that established probable cause to believe that Smith was in possession of a firearm independently of any evidence obtained via the wiretaps. *See Segura v. United States*, 468 U.S. 796, 805, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984)) (recognizing that unconstitutionally obtained evidence may nonetheless be admissible if there was an independent source for its discovery). Smith, moreover, has not argued or established that suppression would be the appropriate remedy if the timing of executing the otherwise valid search warrant was in fact a result of the wiretaps. *See United States v. Espinoza*, 256 F.3d 718, 724 (7th Cir. 2001) (*citing United States v. Leon*, 468 U.S. 897, 906, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ("[W]hether the exclusionary sanction is appropriately imposed in a particular case is 'an issue separate from the question of whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police misconduct.'"). Accordingly, Smith has not established that the suppression of the results of the February 22nd search is legally justified in this case.

**Conclusion**

For the foregoing reasons, Smith's motion to suppress [87] is denied.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: September 6, 2016